**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-03441-RM-KLM

QBE INSURANCE CORPORATION,

    Plaintiff,

v.

STANDARD AERO, INC.,

    Defendant.

---

**ORDER**

---

    Before the Court is Defendant's Motion to Dismiss (ECF No. 22), seeking dismissal of this case for lack of personal jurisdiction and improper venue. Plaintiff concedes that this Court lacks personal jurisdiction over Defendant and that venue is improper but requests that the Court transfer the case to the United States District Court for the District of Alaska. (ECF No. 23.) The Court declines to transfer the case for the reasons below, and Defendant's Motion is granted.

**I.    LEGAL STANDARD**

    Pursuant to 28 U.S.C. § 1631, if the Court finds there is a want of jurisdiction, it may transfer the action to any other such court where the action could have been brought at the time it was filed if it is in the interest of justice to do so. A district court appropriately declines to transfer a case when the plaintiff fails to show that the proposed transferee court would have personal jurisdiction over the defendant. *See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 106 (10th Cir. 2012) (unpublished). "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper

forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

## II.   BACKGROUND

Plaintiff insured an airplane that was substantially damaged when it lost engine power and had to make an emergency landing on a frozen lake in Alaska.  Nearly two years later, after paying the owner of the plane about $423,000, Plaintiff brought this subrogation action, alleging that Defendant negligently overhauled the plane's engine.  According to the Amended Complaint, diversity jurisdiction exists because Plaintiff is a Pennsylvania corporation with its principal place of business in New York, Defendant is Delaware corporation with its principal place of business in Arizona, and the amount in controversy exceeds $75,000.

## III.   DISCUSSION

The Court is not persuaded that the interests of justice weigh in favor of transferring this matter.  First, in addition to conceding that this Court lacks personal jurisdiction over Defendant and that venue is improper, Plaintiff further concedes that Defendant "may not be the real party in interest."  (ECF No. 32 at 5.)  With its Motion, Defendant submitted an affidavit by the corporate secretary of Standard Aero Holdings, Inc., stating that Standard Aero, Inc. no longer exists and that, in any event, it did not perform the engine overhaul at issue. (ECF No. 22-1, ¶¶ 5, 6.)  Instead, according to the affidavit, it was performed by Vector Aerospace Engine Services-Atlanta Inc., a Canadian entity.  (*Id.* at ¶ 6.)  In its Response to the Motion, Plaintiff's counsel states that he was first contacted about the case on December 14, 2021, and that to preserve Plaintiff's rights he filed the lawsuit nine days later, a day before the two-year anniversary of the crash.  (ECF No. 32, ¶¶ 4, 9.)  Although Plaintiff's counsel also describes his

efforts to investigate the matter, the Court cannot condone his "file first, ask questions later" approach to this case or Plaintiff's apparent lack of diligence in the two-year period following the crash.[1]

Second, Plaintiff's allegations do not establish that Alaska has either specific or general personal jurisdiction over Defendant. The mere fact that a crash occurred in Alaska does not establish that Defendant had sufficient "minimum contacts" with the state or that the exercise of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (quotation omitted). Consistent with the manner in which this case appears to have been filed, Plaintiff has barely attempted, much less met, its burden of establishing personal jurisdiction in Alaska. *See id.* at 1069.

## IV.  CONCLUSION

Accordingly, Defendant's Motion (ECF No. 22) is GRANTED, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE, Plaintiff's Motion to Transfer (ECF No. 23) is DENIED AS MOOT, and the Clerk is directed to CLOSE this case.

DATED this 16th day of May, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] Plaintiff's first asserted contact with Defendant was not until November 10, 2021. (*See* ECF No. 32, ¶ 2.)